UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

A.G.A.B.,

      Petitioner,

    v.

CHRISTOPHER CHESTNUT, et al.,

      Respondents.

No. 1:26-cv-02367-TLN-SCR

**ORDER**

This matter is before the Court on Petitioner A.G.A.B.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On March 28, 2026, Respondents filed an answer to the petition.  (ECF No. 7.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (ECF No. 1.)

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who reentered the United States on December 24, 2022.  (ECF No. 7 at 2.)  Petitioner previously lived in the United States but left in March 2021.  (ECF No. 1 at 7.)  While living in the United States, Petitioner was involved in minor criminal matters, including arrests for petty theft and driving on a suspended license and without insurance.  (*Id.*)  An outstanding bench warrant from an incident which occurred on May 11, 2020 remained open

---

[1]    On March 26, 2026, Petitioner filed a motion to proceed under a pseudonym.  (ECF No. 1.)  Petitioner's motion is GRANTED.

1

when Petitioner departed the United States in March 2021.  (*Id.*)

Upon her reentry into the United States on December 24, 2022, Petitioner was transferred to the San Diego Sherriff's office due to the outstanding bench warrant.  (*Id.*)  Petitioner spent three days in custody and then was released without supervision, without conditions, and without any immigration detention order.  (*Id.*)  On December 22, 2023, Petitioner filed for asylum and a master calendar hearing was set for July 8, 2027.  (*Id.*)  On July 27, 2025, Petitioner was redetained while completing her final day of court-ordered community service, in full compliance with the terms of her sentence.  (*Id.*)

On March 26, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner challenges the lawfulness of her civil detention.  (*See generally id.*)

**II.    STANDARD OF LAW**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner claims her detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 16–17.)  In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2).  (ECF No. 7 at 4–7.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V;

*Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts evaluate procedural due process claims in two steps: the first asks whether there exists a protected liberty interest, and the second examines the procedures necessary to ensure any deprivation of that interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

First, the Court finds Petitioner has a protected liberty interest in her continued freedom.  *Morrissey*, 408 U.S. at 482; *see Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("Accordingly, a noncitizen released from custody pending immigration proceedings has a protected liberty interest in remaining out of custody.").

Second, the Court finds that pursuant to the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to her redetention.  *See C.C. v. Warden of the Cal. City Correction Ctr, et al., No. 2:26-CV-00958-TLN-DMC, 2026 WL 808055, at *5 (E.D. Cal. Mar. 24, 2026*).  She received neither.  Accordingly, the Court finds Respondents violated Petitioner's due process rights.

Therefore, Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1.      Petitioner's Motion to Proceed Under Pseudonym (ECF No. 2) is GRANTED.

2.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3.      Respondents must IMMEDIATELY RELEASE Petitioner A.G.A.B. from custody under the same conditions he was released prior to her current detention.  Respondents shall not impose any additional restrictions on her, unless such restrictions are determined to be necessary

at a future pre-deprivation/custody hearing.  At the time of her release, Respondents must also return all of Petitioner's documents and possessions.

4.     Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

5.     The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 30, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE